UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                    CASE NO. 22-CR-20081-DPG-1

       Plaintiff,

vs.

IVAN ALONSO-FONSECA,

       Defendant,
_____/

**DEFENDANT, IVAN ALONSO-FONSECA'S
OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

    COMES NOW the Defendant, **IVAN ALONSO-FONSECA,** (hereinafter referred to as "Mr. Alonso-Fonseca"), by and through his undersigned counsel, presents herewith his Objections to the Presentence Investigation Report ("PSI") [D.E. 37], and states as follows:

1.    **Objection to Paragraph 36: "Adjustment for Acceptance of Responsibility**"

    The Defendant objects to paragraph 36 of the PSI insofar as it states, "A reduction for acceptance of responsibility is not warranted as the defendant has failed to voluntarily withdraw from criminal conduct or associations. Notably, on October 4, 2022, *the defendant was arrested* for organized fraud, grand theft, possession or sale of a vehicle with altered identification and vehicle title fraud in Miami-Dade Circuit Court docket number F22-017979. *The defendant is alleged* to have participated in the offense between April 2022 and June 2022 while on pretrial release for the instant federal offense." (Emphasis supplied.)

    It is respectfully submitted that just because someone was "arrested" and is "alleged" to have committed certain criminal acts should not automatically deprive the Defendant from receiving the benefit of the acceptance of responsibility reduction in this case.

Application Notes 1(A) and 1(B) under U.S.S.G. §3E1.1, provide,

> 1. In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:
>
> (A) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct).
>
> (B) voluntary termination or withdrawal from criminal conduct or associations;

With regard to "1(A)," the Defendant has clearly fulfilled this requirement by readopting the factual proffer as his statement of acceptance of responsibility as acknowledged in paragraph 35 of the Presentence Investigation Report. The entry of a guilty plea combined with a truthful admission of the conduct comprising the offense charged constitutes significant evidence of acceptance of responsibility.

Next, with regard to "1(B)," it has not been proven that the Defendant committed the criminal acts that the Probation Office relies upon by which to deprive him of the benefits of acceptance of responsibility. "Allegations" and an "arrest" arising therefrom are just that, "allegations," and are not a sufficient basis upon which to nullify the Defendant's acceptance of responsibility.

<u>Further</u>, the Plea Agreement entered into between the Defendant and the Government upon which the Defendant's guilty plea was based provides at paragraph 9 as follows:

> This Office agrees that it will recommend at sentencing that the Court reduce by **two levels** the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.
>
> (***It should be noted that this portion of paragraph 9 is wholly unconditional.***)

The next portion of paragraph 9 provides:

> If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an **additional one level decrease** pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. *This Office, however, will not be required to make this motion and these recommendations if the defendant*: (1) *fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct*; (2) *is found to have misrepresented facts to the government prior to entering into this plea agreement*; or *(3)* ***commits any misconduct*** *after* ***entering into this plea agreement***, *including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.*

The alleged "misconduct" upon which the Probation Office seeks to deprive the Defendant of the benefits of his acceptance of responsibility allegedly occurred ***before*** entering into the Plea Agreement, ***not after.*** Specifically, the Plea Agreement was executed by the parties on August 25, 2022, however the alleged "misconduct" is alleged to have occurred between April 2022 and June 2022, ***before*** the Plea Agreement was signed.

This Court should give full force and effect to the understanding of the parties as reflected in the Plea Agreement and upon which the Defendant's guilty plea was entered.

Therefore, based on the foregoing, Mr. Alonso-Fonseca should receive a three (3) level reduction for his acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a) and (b).

2. **Objection to Paragraph 46: "Acceptance of Responsibility"**

The Defendant objects to paragraph 46 of the PSI insofar as it states, "A two-level reduction is not recommended as the defendant's continued involvement in criminal activity while on pretrial

3

release is inconsistent with his expressed statement of acceptance of responsibility, § 3E1.1 [n. 1(B)]."

As discussed above in the objection to paragraph 36 of the PSI which is hereby incorporated by reference, Mr. Alonso-Fonseca should receive a three (3) level reduction for his acceptance of responsibility in this case pursuant to U.S.S.G. §3E1.1(a) and (b).

3. **Objection to Paragraph 47: "Total Offense Level"**

The Defendant objects to Paragraph 47 of the PSI with regard to the assertion that the *total offense level* should be 22.

Specifically, when the three (3) level reduction for his acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a) and (b) is applied, the *total offense level* should read 19, rather than 22.

4. **Objection to Paragraph 90: "Sentencing Options - Guideline Provisions"**

The Defendant objects to Paragraph 90 of the PSI inasmuch as it reads, "Based upon a total offense level of 22 and a criminal history category of II, the guideline imprisonment range is 46 to 57 months." (The Defendant acknowledges that as to Count Two, the guideline sentence is 24 months, which shall run consecutively to any other term of imprisonment, § 5G1.2(a).)

It is submitted that the appropriate advisory guidelines sentence range should read as follows: Based on a *total offense level of 19* and a criminal history category of II, the *advisory guideline imprisonment range* is **33 to 41 months**, before the application of any applicable downward departures and/or variances that this Honorable Court may deem appropriate.

**WHEREFORE**, the Defendant, **IVAN ALONSO-FONSECA**, respectfully prays that this Honorable Court sustain the within objections to the Presentence Investigation Report and direct the United States Probation Office to amend the Presentence Investigation Report as requested herein.

Respectfully submitted,

ANA M. DAVIDE
(Florida Bar No. 875996)
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305)854-6100
Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
(Counsel for Def., *Ivan Alonso-Fonseca*.)

*/s/ Ana M. Davide*_____
    Ana M. Davide, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of October, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ANA M. DAVIDE
(Florida Bar No. 875996)
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305)854-6100
Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
(Counsel for Def., *Ivan Alonso-Fonseca*.)

*/s/ Ana M. Davide*_____
  Ana M. Davide, Esq.

## SERVICE LIST

**United States of America v. Ivan Alonso-Fonseca**
**Case No. 22-CR-20081-DPG-1**
**United States District Court, Southern District of Florida**

Michael Brenner, A.U.S.A.
Office of the United States Attorney
99 N.E. 4tth Street
Miami, FL 33132
Telephone: (305) 961-9052
E-mail: michael.brenner@usdoj.gov

Michael C. Soto
U.S. Probation Officer
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, 9th Floor South
Miami, FL 33128
Telephone: (305) 523-5316
E-mail: michael_soto@flsp.uscourts.gov